UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES DISTRICT COURT
FILED
MAR 2 5 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

JUAN CAMILO BONILLA LAGOS,

Petitioner,

v.

26-CV-550 (JLS)

WARDEN, BUFFALO FEDERAL
DETENTION FACILITY,

Respondent.

## DECISION AND ORDER

*Pro se* petitioner Juan Camilo Bonilla Lagos is detained at the Buffalo
Federal Detention Facility and seeks to challenge that detention by filing this
petition for a writ of *habeas corpus* under 28 U.S.C. § 2241.  Dkt. 1.  While Juan
Camilo Bonilla Lagos is listed as the petitioner in the caption of this petition, the
petition is signed by his brother Oscar Bonilla ("Bonilla"), who seeks to proceed as
"next friend" on Petitioner's behalf.  *Id.* at 1–3.  Bonilla also filed a motion to
proceed *in forma pauperis* on Petitioner's behalf.  Dkt. 2.

By **April 24, 2026**, Oscar Bonilla must file an amended petition
demonstrating that he has standing to proceed on behalf of Petitioner.
Alternatively, Petitioner may file a petition on his own behalf in a new action.

<u>DISCUSSION</u>

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[1] This so-called "next friend status is not automatically given to whomever seeks to pursue habeas relief for another person[;] the next friend must provide an adequate explanation (such as inaccessibility, mental incompetence, or other disability) to justify the intervention[.]" *Clark v. Burge*, No. 06CV658, 2007 WL 1199475, at *2 (W.D.N.Y. Apr. 19, 2007) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (capital habeas)); *see also Chinnery by Connally Bey v. Spano*, No. 22-CV-6680 (MKV), 2023 WL 316534, at *1 (S.D.N.Y. Jan. 19, 2023) (discussing "next friend" status in the context of a Section 2241 petition).

The "'next friend' 'must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate' and 'have some significant relationship with the real party in interest." *In re Flynn*, No. 25-CV-655 (SFR), 2025 WL 1426094, at *1 (D. Conn. May 16, 2025) (quoting *Whitmore*, 495 U.S. at 163–64). The "next friend has the burden "clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* (quoting *Whitmore*, 495 U.S. at 164). Where, as here, "the application for habeas corpus filed by a would-be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to

---

[1] The Rules Governing Section 2254 Cases are made applicable to Section 2241 petitions by Rule 1(b) thereof. *See* Rules Governing § 2254 Cases, Rule 1(b).

the 'next friend' device, the court is without jurisdiction to consider the petition[.]" *Clark,* 2007 WL 1199475, at *2 (quoting *Weber v. Garza,* 570 F.2d 511, 514. (5th Cir. 1978)).

Bonilla's declaration states that he is Petitioner's brother and "maintains a significant personal relationship with him." Dkt. 1, at 2. Bonilla further states that Petitioner is "unable to adequately prepare and file this petition himself" because of "the limitations of detention and restricted access to legal resources[.]" *Id.*

Even if Bonilla sufficiently established that he represents Petitioner's best interests, he has not established that Petitioner cannot appear on his own behalf to prosecute this action. *Cf. Bey v. N.Y. City Dep't of Corr.,* No. 13 Civ. 2573 (PAE) (KNF), 2013 WL 5405491, at *2 (S.D.N.Y. Sept. 20, 2013) (there was an adequate explanation why petitioner could not advocate for himself in a habeas proceeding where he was "imprisoned 'under complete lockdown'" and the prospective next friends' attempts to contact petitioner "ha[d] been unsuccessful"), *report & recommendation adopted,* 2013 WL 5952947 (S.D.N.Y. Nov. 7, 2013). A "lack of access to court cannot be presumed, but must be established." *Ahmed v. Bush,* Civil Action No. 05-665 (RWR), 2005 WL 6066070, at *1 (D.D.C. May 25, 2005); *see also Tarver v. Superintendent,* No. 9:20-CV-0108 (GTS), 2020 WL 586797, at *2 (N.D.N.Y. Feb. 6, 2020) (requiring "concrete evidence," including "documentary proof" of the inmate's inability to advocate for himself). The vague assertion that Petitioner cannot prepare and file the petition for himself "[d]ue to the limitations of detention and restricted access to legal resources" is not sufficient.

Accordingly, Bonilla must file an amended petition demonstrating that he has standing to proceed as "next friend" to Petitioner under the standard set forth in this order. Alternatively, to the extent Petitioner "believes he is entitled to habeas relief, [he] may file a petition on his own behalf in a new action." *Pritchard v. Jones*, No. 3:24-CV-1103 (SVN), 2024 WL 3595923, at *2 (D. Conn. July 31, 2024).

## CONCLUSION

For the reasons set forth above, the action is dismissed without prejudice. The action may be reopened if, by **April 24, 2026**, Bonilla files an amended petition demonstrating that he has standing to proceed as Petitioner's "next friend" under the standard set forth above. Alternatively, Petitioner may file a petition on his own behalf in a new case.[2]

The Clerk of Court is directed to send this order, the petition (Dkt. 1), and a blank 28 U.S.C. § 2241 petition form to both Petitioner (at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, New York 14020) and to Bonilla (37 Amby Ave, Plainview, New York 11803-3527).

SO ORDERED

Dated:     March 25, 2026
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that if he does so, the filing fee for a petition for a writ of habeas corpus is $5.00. 28 U.S.C. § 1914(a). If he cannot pay the filing fee, he may instead move to proceed *in forma pauperis* (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it).

4